**Luis Antonio PAYAN–ORTEGA, Petitioner,**

**v.**

**Michael B. MUKASEY, Attorney General, Respondent.**

**No. 05–73310.**

United States Court of Appeals, Ninth Circuit.

Submitted Oct. 28, 2008.*

Filed Nov. 4, 2008.

Robert F. Jacobs, Esq., Law Offices of Robert F. Jacobs, PLC, Downey, CA, for Petitioner.

District Counsel, Esq., Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Arthur L. Rabin, Esq., U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: HAWKINS, RAWLINSON, and M. SMITH, Circuit Judges.

MEMORANDUM **

Luis Antonio Payan–Ortega, a native and citizen of Mexico, petitions for review of the Board of Immigration Appeals' ("BIA") order denying his motion to reconsider. Our jurisdiction is governed by 8 U.S.C. § 1252. We review for abuse of discretion the denial of a motion to reconsider, *Cano–Merida v. INS,* 311 F.3d 960, 964 (9th Cir.2002), and we deny in part and dismiss in part the petition for review.

The BIA properly concluded that its jurisdiction over Payan–Ortega's motion was limited to reviewing its previous determination that Payan–Ortega's appeal was untimely filed. The BIA also acted within its discretion in denying Payan–Ortega's motion to reconsider because the motion failed to identify any error of fact or law in the BIA's prior decision. *See* 8 C.F.R. § 1003.2(b)(1); *see also Socop–Gonzalez v. INS,* 272 F.3d 1176, 1180 n. 2 (9th Cir. 2001) (en banc).

We lack jurisdiction to consider Payan–Ortega's contention that the immigration judge abused his discretion and violated due process because Payan–Ortega did not

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

file a petition for review within 30 days of the BIA's decision dismissing his appeal as untimely. *See* 8 U.S.C. § 1252(b)(1); *see also Martinez–Serrano v. INS,* 94 F.3d 1256, 1258 (9th Cir.1996) (petition for review of the denial of a motion to reconsider does not confer jurisdiction over underlying final order of removal).

We lack jurisdiction to consider Payan–Ortega's contention that his current attorney provided ineffective assistance of counsel because he did not exhaust this claim before the agency. *See Ontiveros–Lopez v. INS,* 213 F.3d 1121, 1124 (9th Cir.2000) (generally requiring exhaustion of ineffective assistance of counsel claims).

**PETITION FOR REVIEW DENIED in part; DISMISSED in part.**

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.